IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID S. JOHNSON,                    )
                    Petitioner,      )
                                     )
          vs.                        )          Civil Action No. 13-133
                                     )
MARIROSA LAMAS, et al.,              )
                    Respondents.     )

<u>MEMORANDUM and ORDER</u>

David S. Johnson, an inmate at the State Correctional Institution at Rockview,

Pennsylvania, has filed a petition for a writ of habeas corpus. For the reasons set forth below, the

petition will be transferred to the United States Court of Appeals for the Third Circuit for

consideration as a successive petition.

Johnson is currently serving time as a convicted parole violator, with a maximum release

date of October 25, 2015. His parole was revoked by the Pennsylvania Board of Probation and

Parole on May 25, 2010 based upon offenses committed in Maryland. He argues that he is being

held illegally without due process of law.

Petitioner filed this petition on January 28, 2013. However, this is not the first federal

challenge that he has directed at his continued incarceration. He previously filed a habeas corpus

action challenging his continued incarceration in this Court at 2:12-cv-39. That petition was

denied on its merits on February 22, 2012, and he appealed to the United States Court of Appeals

for the Third Circuit. On July 24, 2012, the Court of Appeals denied his application for a

certificate of appealability, concluding that, to the extent he was attacking the decision of the

Pennsylvania courts to reconfigure his state petition for a writ of habeas corpus into a PCRA

petition, the matter only involved an issue of state law; and to the extent he was attacking his

parole revocation, "jurists of reason would all agree with the District Court's assessment of Johnson's claims." (Civ.A.No. 12-39, ECF No. 17.)

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

In his petition, Petitioner asserts that this is not a successive petition because this Court never ruled on the merits of his prior petition, namely his contention that the Pennsylvania courts denied him due process when they reconfigured his habeas corpus petition as a PCRA petition. Indeed, he contends that his challenge in this new petition is to this Court's treatment of

Civ.A.No. 12-39.

Nevertheless, as indicated above, the Court of Appeals did rule on the issue presented in his prior petition as he sees it: the court held that his claim, despite the use of the term "due process," involved only an issue of state law, not federal law. Thus, it was not cognizable under 28 U.S.C. § 2254, which can be invoked "only on the ground that [a person] is in custody in violation of the Constitution or laws or treaties of the United States." See also Estelle v. McGuire, 502 U.S. 62, 67 (1991); United States ex rel. Hayward v. Johnson, 508 F.2d 322, 330 (3d Cir. 1975).

Because the instant petition was improperly filed in this Court as opposed to the Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A), and accordingly this Court lacks jurisdiction over it without the authorization of the Court of Appeals, it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 15th day of February, 2013, for the reasons set forth in the foregoing

Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals

for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.


s/Robert C. Mitchell_____
Robert C. Mitchell
United States Magistrate Judge

cc:     David S. Johnson
        AP-8174
        One Rockview Place
        Bellefonte, PA 16823